IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:06CR00016 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DONTE CHERON FREEMAN, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is Defendant Donte Cheron Freeman's (hereinafter "Defendant") Motion to Reconsider Order Denying Sentencing Reduction in which he argues that I should grant him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act and Amendment 750 to the United States Sentencing Guidelines. (Def.'s Mot. to Rec. Den. Sent. Red. [CMF No. 105].) Having thoroughly reviewed the briefs, the record, and the arguments of counsel, the matter is now ripe for decision. After careful consideration, for the reasons set forth below, Defendant's Motion to Reconsider Order Denying Sentence Reduction is **DENIED**.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In March 2007, Defendant pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. (Judgment, March 26, 2007 [ECF No. 80].) I imposed the mandatory statutory minimum sentences of 240 months and 60 months, respectively, for these offenses. (*Id.*) According to the Presentence Report prepared in this case, Defendant's total criminal offense level of 30 and criminal history category of V would have produced a guideline range of 151 to 188 months in the absence of the statutory minimums. (Presentence Report, pg. 14.) Subsequently, on November 12, 2009, the government filed an Agreed Motion for Substantial

Assistance Consideration pursuant to Rule 35(b), agreeing to a reduction in Defendant's sentence of 180 months based on his substantial assistance in the investigation and prosecution of others. (Agreed Mot. for Sub. Asst. [ECF No. 88].) Accordingly, on November 16, 2009, I entered an Order Amending Judgment reducing Defendant's sentence from a term of 300 months to a new term of imprisonment of 120 months. (Order Amend. J., Nov. 16, 2009 [ECF No. 89].) The Amended Judgment imposed sentences of 60 months for each count. (Amend. Judgment, Nov. 16, 2009.) On October 18 2010, following passage of the Fair Sentencing Act of 2010, Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on changes to the guideline sentencing ranges for crack cocaine offenses. (Def.'s Mot. to Red. [ECF No. 92].) On October 21, 2010, I entered an Order denying Defendant's motion on the ground that the Fair Sentencing Act did not apply retroactively. (Order, Oct. 21, 2010 [ECF No. 93].) On September 1, 2011, following the enactment of Amendment 750, Defendant, by letter, renewed his previous motion to reduce his sentence. (Def's Ren. Mot. to Red. [ECF No. 94].) On October 17, 2011, I entered an Order denying Defendant's renewed motion on the ground that his guideline sentencing range, which is the statutory minimum of 240 months, is not reduced by application of Amendment 750. (Order, Oct. 17, 2011 [ECF No. 96].)

On December 28, 2011, Defendant, by counsel, filed the present Motion to Reconsider Order Denying Sentence Reduction[1] in which he argues that I erred in denying his renewed motion for a sentence reduction. Defendant contends that, because he received a reduction for substantial assistance below the statutory minimum sentence, I should grant a proportional

---

[1] On October 31, 2011, Defendant filed a Notice of Appeal of the Order entered on October 17, 2011. (Notice of App. [ECF No. 97].) On December 6, 2011, however, the United States Court of Appeals for the Fourth Circuit granted Defendant's motion to voluntarily dismiss the case pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. (Order Dec. 6, 2011 [ECF No. 102].)

reduction from 120 months to 96 months pursuant to § 3582(c)(2) and Amendment 750. The United States of America filed a Response in Opposition to Motion for Reconsideration contending that I correctly determined that Defendant was not eligible for a reduction pursuant to § 3582(c)(2). (Resp. in Opp to Mot. for Rec. [ECF No. 106].) The arguments of Defendant are fully set forth below.

## II. DISCUSSION

The overarching issue presented is whether a criminal defendant, who is sentenced pursuant to a statutory minimum but receives a departure below that statutory minimum based on a Rule 35(b) motion for substantial assistance, is subsequently eligible for a proportional sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. As a general rule, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) (2012). In 18 U.S.C. § 3582(c)(2), however, Congress authorizes a district court to modify a defendant's term of imprisonment when he "has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission." *Id.* § 3582(c)(2) (emphasis added). Moreover, any such reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* Therefore, the statute sets forth a two prong requirement for eligibility: (1) the defendant's sentence must have been based on a sentencing range lowered by an amendment to the Guidelines; *and* (2) a reduction must be otherwise consistent with the policy statements contained in the Guidelines. The applicable policy statement implementing § 3582(c)(2) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(b). In sum, to serve as the basis of a sentence

3

reduction pursuant to § 3582(c)(2), Amendment 750 must have "the effect of lowering the defendant's applicable guideline range." *Id.* Because I determined that Defendant's applicable guideline sentencing range—the statutory minimum—remained unchanged by Amendment 750, I denied his motion for a reduction pursuant to § 3582(c)(2). (Order, Oct. 17, 2011.) Defendant now contends that this determination constituted error.

First, Defendant argues that my denial of his motion depended on a construction of the phrase "applicable guideline range" as used in the policy statement that the United States Sentencing Commission changed in the 2011 amendments. (Def.'s Mot to Rec. Order Den. Sent. Red. pg. 1, 5–7.) He contends that, prior to 2011, the Guidelines did not specify whether the term "applicable guideline range" referred to the ultimate "guideline sentence" applicable under §5G1.1 (*i.e.*, the statutory minimum) or the otherwise applicable crack cocaine guideline range. (*Id.* pg 3–4.) Because of this ambiguity, courts could find defendants ineligible for sentence reductions on the grounds that retroactive amendments did not lower statutory minimum sentences, as I did in this case. Defendant argues, however, that Amendment 750 clarifies that "applicable guideline range" is defined as the otherwise applicable cocaine range. (*Id.* pg. 5.) Specifically, he points to the commentary to § 1B1.10 stating: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)." U.S.S.G. § 1B1.10, comment n.1(A) (Nov. 2011.) It follows, Defendant argues, that eligibility under § 3582(c)(2) depends not on a lowering of the "guideline sentence," which may be the statutory minimum, but on a lowering of the "applicable guideline range," which is the otherwise applicable crack cocaine guideline range. (Def.'s Mot to Rec. Order Den. Sent. Red. pg 6.)

4

The commentary to § 1B1.10, however, continues:

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments . . . is applicable to the defendant; or (ii) an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, comment n.1(A). This language strongly supports the position that defendants sentenced under the mandatory minimum are ineligible for reductions under amendments to the guidelines. Defendant maintains, however, that this language merely recognizes that a statutory minimum precludes a sentence reduction when the defendant is not sentenced below the mandatory minimum pursuant to the "safety valve" under § 5C1.2 or Federal Rule of Criminal Procedure 35(b). (Def.'s Mot to Rec. Order Den. Sent. Red. pg 6.) In such circumstances, the mandatory minimum may act as a floor pursuant to § 1B1.10(b)(2), precluding a reduction pursuant to an amendment. *Id.* Where, as here, the defendant has received a departure below the mandatory minimum for substantial assistance, however, there is no such limit and the defendant is eligible for a proportional reduction under § 1B1.10(b)(2)(B).

Defendant's argument is unavailing. First, the language in the commentary to § 1B1.10 does not support the interpretation urged by Defendant. Defendant correctly points out that the commentary language initially identifies the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a)." U.S.S.G. § 1B1.10, comment n.1(A). The commentary then goes on to say that a reduction is not authorized where "an amendment . . . is applicable to the defendant but the *amendment does not have the effect of lowering the defendant's applicable guideline range because of operation of . . . a statutory minimum term of imprisonment*." *Id.* (emphasis added).

5

This language cannot be reconciled with Defendant's narrow construction of "applicable guideline range." Under Defendant's construction, a statutory minimum would never alter the "applicable guideline range" because that term refers not to the sentence ultimately imposed, but to the crack cocaine guidelines that would apply in the absence of a statutory minimum. According to Defendant, in other words, a statutory minimum affects only the resulting "guideline sentence," not the "applicable guideline range." Defendant's exclusive and narrow construction of "applicable guideline range," therefore, renders the remaining commentary language nonsensical because "operation of . . . a statutory minimum" would never prevent a lowering of a defendant's otherwise applicable guideline range. It seems more likely that the commentary language cited by Defendant merely indicates that the Guidelines contemplate amendments lowering the otherwise applicable crack cocaine guidelines, not the statutory minimum. In other words, the language merely recognizes that amendments only have the effect of lowering the crack cocaine guideline ranges, and the not statutory minimums. It does not restrict the definition of "applicable guideline range" to mean only the otherwise applicable crack guidelines. Moreover, the language appears intended to clarify that, for purposes of determining a defendant's eligibility for a reduction, his applicable guideline range is determined prior to any departure or variance. *See id.*

Furthermore, other language in the Guidelines proves inconsistent with Defendant's interpretation. Defendant claims that § 1B1.10(b)(2) merely creates a floor that precludes further sentence reduction where the defendant receives no departure for substantial assistance below the statutory minimum. Read in conjunction with Defendant's strict construction of "applicable guideline range," however, this interpretation does not hold up. The relevant section provides: "If the term of imprisonment imposed was less than the term of imprisonment provided by the

6

*guideline range applicable* to the defendant at the time of sentencing to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). The provision refers only to the applicable guideline range. Therefore, under the Defendant's construction of that term, the mandatory statutory minimum would fall outside its scope. It would apply only where the defendant received a sentence below the lower end of the otherwise applicable crack cocaine guidelines. A defendant sentenced below the mandatory minimum due to substantial assistance would not be entitled to the benefit of a further reduction under § 1B1.10(b)(2)(B). The Guidelines' language, therefore, indicates that "applicable guideline range" should not be given the narrow definition urged by Defendant. Rather, "applicable guideline range" is a functional term referring to the guideline provision that actually determines the defendant's sentence. The Guidelines' use of the term "guideline sentence" in § 5G1.1 does not contemplate a separate concept distinct from "applicable guideline range" as Defendant suggests. Rather it is merely slight variation in wording to reflect that the defendant is no longer subject to a "range" of sentences but to a single mandatory prison sentence. *See* U.S.S.G. § 5G1.1(b). Accordingly, I find that "applicable guideline range" and "guideline sentence" are functionally interchangeable for purposes of determining whether a defendant is entitled to a reduction under § 3582(c)(2). The applicable guideline range refers to that guideline provision that was ultimately used to determine the defendant's sentence.[2] *See United States v. Hood*, 556 F.3d 226, 232 (4th Cir.

---

[2] As additional support for this conclusion, I note that the express purpose of 2011 amendment's clarifying language is "to resolve the conflict between the circuit courts as to the meaning of 'applicable guideline range' and confirm that it is 'the range established before any departures.'" *United States v. Dickerson*, No. 3:04cr00083-02, 2011 U.S. Dist. LEXIS 88340 *30 n.15 (S.D. W. Va. July 15, 2011). Therefore, the main purpose of the language cited by Defendant is to clarify that a defendant who is sentenced pursuant to the otherwise applicable crack cocaine guidelines but receives a departure or variance remains eligible for a reduction based on a

7

2009). Therefore, a defendant sentenced pursuant to a statutory minimum is ineligible for a reduction under § 3582(c)(2). *United States v. Munn*, 595 F.3d 183, 187 (citing *Hood*, 556 F.3d at 235–36).

Furthermore, even were I to agree with Defendant's interpretation of the policy statement language above, I would still conclude based on the plain language of 18 U.S.C. § 3582(c) that Defendant is not entitled to a sentence reduction. The relevant provision states that a court may modify a term of imprisonment "in the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Therefore, eligibility under § 3582(c)(2) requires that the defendant's ultimate sentence be "based on" a sentencing range lowered by an amendment. When a defendant receives the statutory minimum sentence, his sentence is in no real sense "based on" a sentencing range lowered by an amendment. *Hood*, 556 F.3d at 233. Such a defendant does not meet the threshold statutory requirement for a sentence reduction as determined by Congress. Here, I sentenced Defendant to the statutory minimum of 300 months and subsequently reduced his sentence to 120 months based on the Agreed Motion for Substantial Assistance Consideration pursuant to Rule 35(b). Therefore, Defendant's otherwise applicable guideline range of 151 to 188 months based on his total criminal offense level of 30 and criminal history category of V simply never came into play. Accordingly, even if I were to accept Defendant's interpretation of "applicable guideline range," as used in the policy statement, he still would not be entitled to a sentence reduction because he fails to meet the threshold statutory requirement for such relief under § 3582(c)(2).

---

lowering of the applicable guidelines despite the departure or variance. The language is not intended to alter the effect of statutory minimums.

Defendant cites to case law in support of his argument that he is eligible for a reduction under § 3582(c)(2). Specifically, Defendant cites *United States v. Fennell*, 592 F.3d 506 (4th Cir. 2010), and its progeny for the rule that a defendant originally sentenced below the statutory minimum on account of substantial assistance is not precluded from relief under amendments lowering the otherwise applicable crack cocaine levels.[3] (Def.'s Mot to Rec. Order Den. Sent. Red. pg 8.) *Fennell*, however, stands for a much narrower holding than Defendant urges. In *Fennell*, the defendant was subject to a statutory minimum of 120 months imprisonment; however, his presentence report indicated that his offense level was 29 and that his criminal history category was IV, resulting in a guideline range of 121–151 months. *Fenell*, 592 F.3d at 507. Unlike in this case, therefore, the defendant's otherwise applicable guideline range was above the statutory minimum. At sentencing, the district court granted a departure based on substantial assistance and sentenced the defendant to 97 months. *Id.* Subsequently, the defendant filed a motion for a proportional reduction based on Amendment 706. *Id.* In resentencing the defendant under Amendment 706, the district court found that the lower end of his amended guideline range was the 120 month minimum statutory sentence. *Id.* at 508. Therefore, the district court found that an appropriate reduction would be a reduction from 120 months proportional to the original reduction from the lower end of the guidelines to 97 months. Accordingly, the district court found that it only had authority to reduce the defendant's sentence to 96 months—20% below the low end of his amended guideline range. *Id.*

---

[3] I note that *Fennell* was decided prior to the November 2011 amendments to the Guidelines; therefore, the decision and its progeny provide little support for Defendant's preceding argument that the amendments changed the meaning of the term "applicable guideline range," as used in the policy statement, and thus foreclose the determination that a defendant sentenced to a statutory minimum is ineligible for relief under 18 U.S.C. § 3582(c)(2).

9

In other words, the district court treated the 120-month statutory minimum applicable to the defendant at his original sentencing as the lower end of the amended guideline range from which any reduction would derive. The district court essentially believed that it lacked discretion to use any method other than the precise one used at the initial sentencing in calculating a reduction in the defendant's under Amendment 706. *Id.* at 509. In reversing the district court, the Court of Appeals held that where a district court sentences a defendant subject to the guideline range to a sentence below the low end of that guideline range due to substantial assistance, the district court retains discretion to reduce the defendant's sentence in a manner comparable to the reduction reflected in a subsequent amendment to the guidelines. *Id.* at 509–10; *see also United States v. Stewart*, 595 F.3d 197, 201 (4th Cir. 2010). The district court is not bound to use a precise or specific formula in calculating a reduction.

This holding is little more than a reaffirmation of the § 1B1.10(b)(2) provision stating that if the defendant's term of imprisonment was less than the otherwise applicable guideline range minimum, "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(b). The present case is distinguishable in that Defendant was never subject to the otherwise applicable guideline range. Rather, he was subject to a mandatory minimum sentence well above the high end of the guideline range. Therefore, unlike the defendant in *Fennell*, Defendant was not sentenced according to an otherwise applicable guideline range that has subsequently been amended. The guideline range that has since been amended by Amendment 750 was not "the guideline range *applicable to the defendant* at the time of his sentencing." *Id.* (emphasis added). Rather, the guideline range applicable to Defendant at the time of the government's Rule 35(b) motion was the statutory minimum of 300

10

months, which is left unchanged by Amendment 750. *Fennell* and its progeny, therefore, are inapplicable to the present case.

I find that this case is controlled by *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009). *Hood* involved facts virtually identical to the present case. Like Defendant, the defendants in that case were each subject to minimum mandatory sentences of 240 months. *Id.* at 229, 230. Prior to sentencing, the government filed motions for downward departures based on substantial assistance. *Id.* The court sentenced the defendants to 100 months and 108 months respectively. *Id.* at 229, 231. Following Amendment 706, both defendants sought further proportionate reductions under § 3582(c)(2). *Id.* They maintained that their original sentences were ultimately based on the otherwise applicable guideline ranges of 97 to 121 months and 108 to 135 months respectively and that they were entitled to proportional reductions based on the amended guidelines. *Id.* The district court, however, denied the defendants' motions, finding that the 240 month statutory minimum sentence barred § 3582(c)(2) relief. *Id.* In affirming the district court's decision, the Court of Appeals held that because the defendants' sentences were based on the statutory minimum and the departure for substantial assistance, they were not "*based on*" a sentencing range lowered by the amendment; therefore, the defendants were not eligible for § 3582(c)(2). *Id.* at 233, 236. The present case is virtually indistinguishable from *Hood*. Defendant's 120 month sentence was based on the 300 month statutory minimum and a departure for substantial assistance, not an otherwise applicable guideline range. Accordingly, Defendant's sentence was not based on a sentencing range subsequently lowered by Amendment 750 and Defendant is not eligible for further sentence reduction under § 3582(c)(2). *See United States v. Holmes*, No. 7:08cr00210, 2011 U.S. Dist. LEXIS 143696 at *4 (D.S.C. Dec. 14, 2011).

11

In sum, I find Defendant's argument that the term "applicable guideline range," as used in the policy statement, may refer only to guideline range applicable in the absence of the statutory minimum unpersuasive. Such a narrow, exclusive interpretation would render various Guideline provisions nonsensical. Moreover, even if Defendant were correct, he simply fails to meet the first prong required for eligibility under § 3582(c)(2). A sentence based on the mandatory minimum and a departure for substantial assistance can in no sense be "based on" a guideline range lowered by Amendment 750. Therefore, to grant Defendant a sentence reduction would go against the intent of Congress as expressed in the plain statutory language. Finally, I find that the case law cited by Defendant in support of his eligibility inapposite. The facts of this case are virtually indistinguishable from *Hood* where the Court of Appeals found that the defendants were ineligible for reductions under Amendment 706.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Reconsider Order Denying Sentencing Reduction is **DENIED**.

The Clerk is directed to send certified copies of this Order to Defendant, the Federal Public Defender, and the United States Attorney.

Entered this 23rd day of January, 2012.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE